ALIENA JEANENE KERN,

       Plaintiff,

v.

KEWEENAW COUNTY BOARD OF
COMMISSIONERS,

NOTICE OF REMOVAL
EXHIBIT 1

STATE OF MICHIGAN
IN THE 12th CIRCUIT COURT
KEWEENAW COUNTY

---

ALIENA JEANENE KERN,

    Plaintiff,

v

KEWEENAW COUNTY BOARD OF COMMISSIONERS,

    Defendant.

Case No. 26-_____-CL

Hon. Brittany A. Bulleit

---

Brace Kern (P75695)
*Attorney for Plaintiff*
BEK Law, PLC
3434 Veterans Drive
Traverse City, MI 49684
(231) 499-5380
info@bracekern.com

---

*There is a pending appeal arising out of the transaction or occurrence alleged in this Complaint, which was assigned to Honorable Brittany A. Bulleit as Case no. 25-898-AA.*

## COMPLAINT & JURY DEMAND

NOW COMES Plaintiff, Aliena Jeanene Kern, by and through her undersigned counsel, who hereby states as follows, upon information and belief, for her Complaint against the Keweenaw County Board of Commissioners for its unlawful removal of Plaintiff from the Planning Commission:

### THE PARTIES, VENUE, & JURISDICTION

1. Plaintiff Aliena Jeanene Kern is a resident of the unincorporated community of Copper Harbor, Township of Grant, County of Keweenaw, State of Michigan (hereinafter, "AJ").

2.      Defendant Keweenaw County Board of Commissioners is the governing legislative body, with the power to sue and be sued, on behalf of the general law county of Keweenaw with its principal place of business located at 5095 Fourth Street, in the unincorporated community of Eagle River, Township of Allouez, County of Keweenaw, State of Michigan (hereinafter, the "County").

3.      Venue is proper, pursuant to MCL § 600.1615, because Keweenaw County is the county in which Defendant, as a governmental unit, exercises its governmental authority.

4.      Jurisdiction is proper, pursuant to MCL § 600.605, because circuit courts have original jurisdiction to hear and determine all civil claims and remedies with an amount in dispute that exceeds $25,000.

### STATEMENT OF FACTS

5.      On or about January 17, 2024, upon the recommendation of the Keweenaw County Planning Commission (hereinafter, the "PC"), the County appointed AJ to serve a three-year term on the PC.

6.      AJ's term on the PC was scheduled to expire at the end of 2026.

7.      Article XVIII, Section 18.4 of the Keweenaw County Zoning Ordinance outlines the "Duties of the Planning Commission."

8.      Section 18.4.1(B) of the Keweenaw County Zoning Ordinance states: "members of said commission are appointed subject to the following attendance criteria: 3. Member(s) shall not be absent for more than three (3) consecutive regular meetings."

9.      AJ was never absent for more than three (3) consecutive meetings.

10. On January 14, 2025, the PC attempted to hold a Special Meeting to review applicants to fill the vacancies of two seats on the PC, and to recommend the chosen candidates to the County.

11. The Special Meeting was scheduled to occur 45 minutes before a scheduled Public Hearing of the PC.

12. On January 14, 2025, AJ was planning on attending the PC meetings, but a progressive case of pneumonia caused her to cancel her plans at the last minute.

13. That day, AJ sent her husband to notify the Chairman that her illness had progressed to the extent that she was not going to be able to attend the meetings.

14. AJ's husband arrived shortly after the start time of the Special Meeting, at which time he notified the PC Chairman that AJ's illness had progressed to the extent that she was not going to be able to attend the meetings.

15. The PC Chairman was notified of AJ's expected absence prior to the start of the Public Hearing on January 14, 2025.

16. At the regular meeting of the PC on January 27, 2025, the Chairman tried to hold a closed session to discuss removing AJ from the PC.

17. AJ objected to the closed session as a violation of the Open Meetings Act.

18. During an open session, a motion was made to recommend to the County that AJ be removed from the PC, which motion is reported in the meeting minutes to have carried.

19. On or about February 4, 2025, the PC Chairman sent a letter to the County recommending AJ's removal from the PC.

20.    The County's attorney rejected the recommendation due to its failure to comply with the MPEA because the attempted removal was not for "misfeasance, malfeasance, or nonfeasance in office."[1]

21.    On or about February 24, 2025, the PC Chairman sent a second letter to the County, this time recommending AJ's removal for nonfeasance and obstruction.

22.    The County accepted the February 24th letter from the PC Chairman, and notified AJ that a hearing on these charges would be held on March 10, 2025.

23.    On March 10, 2025, the County held a Special Meeting whereat a motion was made, and reportedly carried, to hold a Public Hearing on April 1, 2025, for consideration of the charges made against AJ and her possible removal from the PC.

24.    On or about March 13, 2025, the County published Notice of Public Hearing to consider charges filed by John Parsons, PC Chairman, against AJ seeking her removal from the PC.

25.    On April 1, 2025, at the conclusion of the Public Hearing, a motion was made to remove AJ from the PC for violating Section 18.4.1(B)(1) of the Zoning Ordinance for failure to notify the PC Chairman of her expected absence from the Special Meeting on January 14, 2025.

26.    Commissioners Don Piche and Del Rajala voted in favor of removal, while Commissioner Randy Eckloff voted against removal, and Commissioner Bob DeMarois abstained on the basis that he had already voted on this issue as a member of the PC.

27.    On April 1, 2025, the motion to remove AJ failed to carry.

28.    On April 16, 2025, the County held its regular meeting, at which time it approved the meeting minutes from the Public Hearing on April 1, 2025.

---

[1] MCL § 125.3815(9)

29.    On May 21, 2025, the County held its regular meeting, at which time it approved the meeting minutes from its last regular meeting on April 16, 2025.

30.    At the County's regular meeting on May 21, 2025, Commissioner Del Rajala made a motion to renew the vote from the Public Hearing held on April 1, 2025, concerning the PC's recommendation to remove AJ from the PC.

31.    Commissioners Don Piche, Del Rajala, and Bob DeMarois voted in favor of renewing the vote while Commissioners Randy Eckloff and Mike LaMotte voted against renewing the vote.

32.    According to the meeting minutes, the motion to renew reportedly carried.

33.    At the regular meeting on May 21, 2025, although there was a vote on whether to renew the vote from the Public Hearing on April 1, 2025, a motion was never made to remove AJ from the PC nor was there any vote on whether to remove AJ from the PC.

34.    On June 18, 2025, the County held a regular meeting whereat it voted to approve the meeting minutes from its regular meeting on May 21, 2025.

## COUNT II – THE COUNTY'S UNLAWFUL REMOVAL OF AJ FROM THE PLANNING COMMISSION

35.    Plaintiff realleges the above-enumerated paragraphs as if fully set forth herein.

36.    A member of the PC may only be removed by a legislative body for misfeasance, malfeasance, or nonfeasance in office on written charges and after a public hearing.[2]

37.    AJ was not properly removed from the PC in compliance with MCL § 125.3815(9).

38.    The County's removal of AJ from the PC violated MCL § 125.3815(9).

39.    The County's removal of AJ from the PC violated the PC's and the County's By-Laws.

---

[2] MCL § 125.3815(9)

40.     The County's removal of AJ from the Planning Commission violated Article XVIII, Section 18.4 of the Keweenaw County Zoning Ordinance.

41.     The County's removal of AJ from the PC was not authorized by law.

42.     The County's removal of AJ from the PC was not supported by competent, material and substantial evidence on the whole record.

43.     AJ's removal from the PC was arbitrary and capricious.

44.     A single absence, even if unexcused, is insufficient to rise to the level of nonfeasance.

45.     The PC Chairman was absent from three or more meetings in 2010, 2011, 2012, and 2017, and he had unexcused absences in 2010, 2016 and 2018.

46.     No member has ever been removed from the PC for a single absence, regardless of whether that absence was excused or unexcused.

47.     The PC never approved the Chairman's written charges against AJ.

48.     The County's By-laws require its PC members to be recommended by the PC for appointment by the County.

49.     At all relevant times, some of the PC members were not actually members because they were appointed by the County without first being recommended for appointment by the PC.

50.     The Michigan Planning Enabling Act (hereinafter, the "MPEA") requires that "[a] member shall hold office until his or her successor is appointed."[3]

51.     The failure of an appointment means that the prior office holder remains a member of the PC.

---

[3] MCL § 125.3815(2)

52.     All the PC's meetings in 2025 that occurred prior to March 10, 2025, were invalid for lack of a quorum of properly seated members.

53.     At all relevant times in early 2025, the PC never had a quorum of properly seated members to conduct business as a PC.

54.     Since the PC members are also effectively the County's Zoning Commissioners, the PC's notices of its meetings in early 2025 failed to comply with the Michigan Zoning Enabling Act (hereinafter, the "MZEA").

55.     On January 14, 2025, the PC failed to provide 15-day notice since the purpose of the meeting was to recommend the appointment of two new commissioners under the MZEA.

56.     On January 14, 2025, AJ was not absent from a valid meeting of the PC.

57.     Absence from an invalid meeting cannot serve as the basis for removing a member from the PC for nonfeasance

58.     The PC's Special Meeting on January 14, 2025, was intended to unlawfully cover up and rubber stamp an Open Meeting Act violation committed by the PC Chairman, the County's Chairman, and the Zoning Administrator.

59.     According to the By-Laws, it is the PC who makes a recommendation to the County as to who to appoint to the PC.

60.     In this instance, it was the PC Chairman, the County Chairman, and the Zoning Administrator who chose which candidates to recommend to the County.

61.     There were at least five candidates for the PC to consider, but the actual number of candidates is unknown because the PC Chairman never shared the applications that he rejected with the rest of the PC.

62.     The only known female candidate, Debra Shelonzek, was denied an interview.

63. The entire PC was unlawfully deprived of participating in the interview and recommendation process for filling the vacancies created by expiring terms of some PC members.

64. At the Public Hearing on April 1, 2025, the County's motion to remove AJ from the PC failed to carry.

65. Any motion to renew a vote can only be made at the next meeting, and if it is not made at the next meeting then it cannot be renewed.

66. The County's motion to renew was invalid because it was not made at the County's first meeting following the Public Hearing on April 1, 2025.

67. A motion to renew a vote can only be made by a member who voted on the winning side of the motion; not from a member who voted on the losing side of the motion.

68. At the County's regular meeting on May 21, 2025, Commissioner Del Rajala could not move to renew the vote from the Public Hearing held on April 1, 2025, because he had voted on the losing side of that motion.

69. At the regular meeting on May 21, 2025, a motion was never made to remove AJ from the PC nor was there any vote on whether to remove AJ from the PC.

70. The County's attempt to remove AJ from the PC was ineffective.

71. Despite the PC's & County's procedural and substantive failures to remove AJ from the PC, the County nonetheless enforced her removal from the PC.

72. As a member of the PC, AJ has a property interest in fulfilling her term.

73. The County's removal of AJ from the PC, which was arbitrary and unrelated to her job performance, violated her fourteenth amendment due process rights.

74. To remove AJ from the PC, the County acted willfully, wantonly, and with reckless disregard for AJ's rights.

75.    AJ suffered feelings of outrage, indignity, and public humiliation as a direct and proximate result of her unlawful removal from the PC.

76.    The reprehensibility of the County's conduct intensified AJ's injuries.

77.    The County's unlawful removal of AJ from the PC caused injury to her integrity and reputation.                                                                                                  .

78.    The entirety of AJ's injuries cannot be measured or estimated in monetary terms.

79.    It is not possible to restore AJ to the PC to compensate her for the year-and-a-half she was deprived of completing her term on the PC.

80.    The County's conduct has, for all intents and purposes, likely destroyed her potential for appointments to a position within her county's government.

81.    AJ suffered financial damages in an amount exceeding fourteen thousand dollars in lost wages, costs and attorney fees to defend herself and her reputation against the County's unlawful conduct.

## <u>REQUEST FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully requests judgment in her favor with an award of nominal, compensatory, actual, and exemplary damages in an amount exceeding $25,000, plus costs, expenses, attorney fees, and any such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all triable issues.

Respectfully submitted,

BEK Law, PLC

Dated: July 6, 2026                By:

Brace Kern (P75695)
*Attorney for Plaintiff*
3434 Veterans Drive
Traverse City, MI 49684
(231) 499-5380
info@bracekern.com

                            R E C E I P T                              Page    1

12TH CIRCUIT COURT/KEWEENAW COUNTY              Court:  C 12  42
5095 4TH STREET                               Printer:  D97KDCPRT1
EAGLE RIVER, MI   49950                                      JC
906/337-2229                             Receipt No.:     3026
                                        Receipt Date:  6/15/2026
                                        Receipt Time:  9:34 A.M.
        Case: 2025 0000000898 AA KERN V KEWEENAW COUNTY BOAR
              Paid By: BEK LAW
                                                              Amount
CFF   CIVIL FILING FEE                                         150.00
EFS   ELECTRONIC FILING SYSTEM FUND                            25.00
JRY   JURY DEMAND                                              85.00

                                        Total:      260.00
   Tendered: CHECK 2586                            260.00
                            Total Tendered:        260.00
                                    Change:           .00